AUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

KAREN P. WELCH, individually and on behalf of all
others similarly situated,

Plaintiff,

– against –

AVANTI ASSOCIATES LTD., ASSOCIATED
INSURANCE AGENCY OF WESTCHESTER, INC.,
COMPREHENSIVE INSURANCE BROKERAGE,
INC., JOHN D'AMATO and ANN MARIE
PASQUALONE PAPA, in their professional and
individual capacities,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**COLLECTIVE AND CLASS
ACTION COMPLAINT**

Case No. _____

Jury Trial Requested

Plaintiff Karen P. Welch, individually and on behalf of all others similarly situated, by her attorneys, Sapir Schragin LLP, alleges:

**PRELIMINARY STATEMENT AS TO NATURE OF ACTION**

1.    This case is about Defendants willfully misclassifying their commercial and personal account executives, account representatives and customer service representatives ("Account Executives and Representatives") as exempt employees, thereby avoiding the obligation, and failing to pay such employees any overtime compensation for hours worked over forty in each work week. Plaintiff is one such employee.

2.    Accordingly, Plaintiff, on behalf of herself and other similarly situated current and former employees of Avanti Associates Ltd. ("Avanti"), Associated Insurance Agency of Westchester, Inc. ("Associated"), Comprehensive Insurance Brokerage, Inc. ("Comprehensive"),

John D'Amato and/or Ann Marie Pasqualone Papa (collectively "Defendants"), brings this: (1) Collective Action against Defendants pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, for failure to pay overtime compensation; and (2) Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure, for unpaid overtime wages under the New York State Labor Law ("NYSLL"), Article 19, §§ 650 *et seq.*, and the applicable regulations of the New York State Department of Labor, 12 N.Y.C.R.R. Part 142.

3.    Defendants willfully engaged in a pattern, policy and practice of unlawful conduct as described below, in violation of the federal and state rights of the Plaintiff, and all similarly situated current and former Account Executives and Representatives of Defendants.

4.    This action seeks to recover unpaid overtime wages owed to Plaintiff and all current and former employees of Defendants who work, or worked, for Defendants at their worksites in Westchester County, New York, as (insurance) Account Executives and Representatives servicing commercial or personal accounts and clients, and who performed duties similar to those Plaintiff performed.  For at least six years prior to the filing of this Complaint, Defendants continuously and willfully violated the NYSLL, and for at least three years prior to the filing of this Complaint, Defendants continuously and willfully violated the FLSA, in both cases by: (1) misclassifying Account Executives and Representatives as exempt employees; (2) expecting employees in the non-exempt Account Executives and Representatives positions to frequently work beyond their normal work hours and work days, and during their lunch breaks, without pay; and, (3) failing to pay such employees for time worked in excess of 40 hours in a week at a rate of one and one half times their regular rate of pay.

5.      Plaintiff and all similarly situated current and past employees who participate in this action seek unpaid overtime wages, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and Article 19 of the NSYLL.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the claims are brought pursuant to a federal statute, FLSA 29 U.S.C. § 216(b).

7.      The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

8.      The Court has supplemental jurisdiction over the NYSLL claims pursuant to 28 U.S.C. § 1367(a).

9.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because at least one of the Defendants resides within this District, Plaintiff Welch resides in Montrose, New York in Westchester County, and, at all relevant times, Plaintiff worked for Defendants in Westchester County, New York, within the Southern District of New York.  In addition, Defendants conduct business in this District, and the acts and omissions giving rise to the claims alleged took place in this District.

## THE PARTIES

10.     Plaintiff Karen P. Welch resides in Montrose, New York, in Westchester County. She was employed by Defendants from March 9, 2016 to April 18, 2017 as an account executive.

11.     Upon information and belief, Defendant Avanti is a private limited company, which has its principal place of business at 200 Business Drive Park, Suite 206, Armonk, New York, 10504.  Upon information and belief, Defendant Avanti has at least two members: Defendant Associated and Defendant Comprehensive.

12.    At all relevant times, Defendant Avanti was an employer within the meaning of the FLSA and the NSYLL.

13.    Defendant Avanti employed Account Executives and Representatives to serve the insurance needs of its commercial and individual clients.

14.    Upon information and belief, at all relevant times, Defendant Avanti's gross annual sales have been in excess of $500,000.00.

15.    Upon information and belief, Defendant Associated is a domestic business corporation organized under the laws of the State of New York, which has its principal place of business at 200 Business Drive Park, Suite 206, Armonk, New York, 10504, and is a member of Defendant Avanti. Defendant Associated is a full service independent insurance agency and brokerage firm which offers a variety of insurance products, including personal and commercial insurance products, and life, health, disability, group major medical, pensions and estate planning products and services.

16.    At all relevant times, Defendant Associated was an employer within the meaning of the FLSA and the NSYLL.

17.    Defendant Associated employed Account Executives and Representatives to serve the insurance needs of its commercial and individual clients.

18.    Upon information and belief, at all relevant times, Defendant Associated's gross annual sales have been in excess of $500,000.00.

19.    Upon information and belief, Defendant Comprehensive is a domestic business corporation organized under the laws of the State of New York, which has its principal place of business in Pelham, New York, and is a member of Defendant Avanti. Defendant Comprehensive is a full service independent insurance agency and brokerage firm which offers a variety of

4

insurance products, including personal and commercial insurance products, and life, health, disability, workers' compensation, group major medical, pensions and estate planning products and services.

20.    At all relevant times, Defendant Comprehensive was an employer within the meaning of the FLSA and the NSYLL.

21.    Defendant Comprehensive employed Account Executives and Representatives to serve the insurance needs of its commercial and individual clients.

22.    Upon information and belief, at all relevant times, Defendant Comprehensive's gross annual sales have been in excess of $500,000.00.

23.    Defendant John D'Amato is an officer, director, manager, member, shareholder, principal or owner of Defendants Avanti, Associated and Comprehensive.  As an officer or owner of said business entities, Defendant D'Amato had the power to hire and fire employees; supervised and controlled employee work schedules and conditions of employment; determined the rate and method of payment to employees; and maintained employee records.

24.    Defendant Ann Marie Pasqualone Papa is an officer, director, manager, member, shareholder, principal or owner of Defendants Avanti, Associated and Comprehensive.  As an officer or owner of said business entities, Defendant Papa had the power to hire and fire employees; supervised and controlled employee work schedules and conditions of employment; determined the rate and method of payment to employees; and maintained employee records.

25.    At all relevant times, Defendants D'Amato and Papa were employers within the meaning of the FLSA and the NSYLL.

26.    Defendants employed Plaintiff and all other similarly situated Account Executives and Representatives as joint or co-employers.

## COLLECTIVE ACTION ALLEGATIONS

27.     Plaintiff brings an FLSA claim for unpaid overtime on behalf of herself and all similarly situated persons who work or have worked for Defendants as Account Executives and Representatives and who elect to opt in to this action (the "FLSA Collective").

28.     Plaintiff and the FLSA Collective are current and former employees of the Defendants within the meaning of the FLSA and were employed by Defendants within three years of the date of the filing of this Complaint. *See* 29 U.S.C. § 255(a).

29.     Defendants are liable under the FLSA for misclassifying Plaintiff as an exempt employee and failing to properly compensate her for her overtime hours. There are also many similarly situated current and former employees of Defendants who have been misclassified as exempt, and underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

30.     Plaintiff also brings a NYSLL claim on behalf of herself and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of "all persons who work or have worked for Defendants as Account Executives and Representatives in New York between the six years prior to the filing of this lawsuit and the date of final judgment in this action" (the "Rule 23 class").

31.     At all relevant times, Plaintiff and members of the proposed Rule 23 Class were employees within the meaning of the NSYLL.

6

32.    The persons in the Rule 23 class described above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiff, the facts on which the calculation of that number can be based are within Defendants' sole control.

33.    Defendants have acted on grounds generally applicable to the Rule 23 class, thereby making final injunctive or declaratory relief appropriate with respect to the class as a whole.

34.    There are questions of law and fact common to the Rule 23 class that predominate over any questions solely affecting individual members of the class, including but not limited to: (a) whether Defendants have failed or refused to pay Plaintiff and the Rule 23 class members overtime pay for hours worked in excess of 40 hours per work week in violation of the NSYLL; (b) whether Defendants kept true and accurate time records for all hours worked by Plaintiff and the Rule 23 class; (c); the nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class; (d) whether Defendants' policy and practice of failing to pay Plaintiff and the Rule 23 Class members their overtime wages was willful or carried out with reckless disregard of the law; and (e) whether Defendants have a policy or practice of misclassifying Account Executives as exempt from the overtime provisions of the FLSA and the NSYLL.

35.    Plaintiff's claims are typical of the claims of the Rule 23 Class members she seeks to represent.  Plaintiff and the Rule 23 Class members work or have worked for Defendants as Account Executives and Representatives and have not been paid a proper overtime premium for the hours that they worked in excess of 40 hours per workweek.  Defendants improperly classified Plaintiff and the Rule 23 Class members as exempt employees, and have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief

7

appropriate with respect to the Rule 23 Class. The same wage and hour policies, procedures and practices of Defendants are applicable to all Account Executives and Representatives who worked for them regardless of location and/or the time period in which they worked.

36.     Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

37.     Plaintiff has retained counsel that is competent and experienced in class actions and in labor and employment litigation, including wage and hour matters.

38.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of a wage and hour litigation like this, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. The Rule 23 Class members have been damaged and are entitled to recovery as a result of Defendants' unlawful and uniform policies, practices and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## CLASS AND COLLECTIVE FACTUAL ALLEGATIONS

39.     Consistent with Defendants' policies and practices, Plaintiff and the members of the proposed FLSA Collective and the Rule 23 Class frequently worked in excess of 40 hours per workweek without being paid overtime wages.

40.     All of the work that Plaintiff and the members of the proposed FLSA Collective and the Rule 23 Class performed was assigned by Defendants who were fully aware of the nature

and extent of the work.  All time worked by Plaintiff and the members of the proposed FLSA
Collective and the Rule 23 Class was known and permitted by Defendants.

      41.     As part of their regular business practices, Defendants intentionally, willfully and
repeatedly engaged in a pattern, practice or policy of violating the FLSA and the NYSLL as to
Plaintiff and the members of the proposed FLSA Collective and the Rule 23 Class.  This policy or
practice included but is not limited to: (a) willfully failing to pay their Account Executives and
Representatives, including Plaintiff and the members of the proposed FLSA Collective and the
Rule 23 Class, overtime wages for hours worked in excess of 40 hours each workweek; and (b)
willfully misclassifying their Account Executives and Representatives, including Plaintiff and the
members of the proposed FLSA Collective and the Rule 23 Class, as exempt from the overtime
requirements of the FLSA and the NYSLL; and (c) willfully failing to record all time that their
employees, including Plaintiff and the members of the proposed FLSA Collective and the Rule 23
Class, worked for their benefit.

      42.     Defendants' unlawful conduct as described in this Complaint was carried out
pursuant to a corporate policy or practice of minimizing labor costs by misclassifying Account
Executives and Representatives as exempt from the overtime requirements of the FLSA and the
NYSLL, and violating the FLSA and the NYSLL by failing to pay Account Executives and
Representatives overtime premiums for time they worked in excess of 40 hours per workweek.

      43.     Defendants are aware or should have been aware that state and federal law required
them to pay employees performing non-exempt duties an overtime premium for hours worked in
excess of 40 per workweek.

44.    All of Defendants' Account Executives and Representatives, whether commercial or personal Account Executives and Representatives, perform the same fundamental and primary duties, all of which relate to servicing the insurance needs of commercial and individual customers. These positions are not exempt from the overtime provisions of the FLSA and NYSLL and their duties: (a) do not entail the exercise of discretion and independent judgment; (b) are not directly related to Defendants' management policies or general operations; (c) do not consist of the management of Defendants' enterprises – Avanti, Associated, or Comprehensive, or a customarily recognized department or subdivision; (d) do not include the supervision of at least 2 other full-time employees; and, (e) do not include hiring or firing authority, or any other authority with regard to the status of other employees.

45.    Defendants' unlawful conduct has been repeated and was consistent as to all of their Account Executives and Representatives.

## PLAINTIFF'S FACTUAL ALLEGATIONS

46.    Plaintiff was employed by Defendant Associated from March 9, 2016 to April 18, 2017 as an Account Executive responsible for servicing the insurance needs of Defendants' commercial clients.

47.    Plaintiff is a New York State licensed insurance broker.  As a commercial Account Executive/Customer Service Representative for Defendant Associated, Plaintiff's job was to service the insurance needs of Defendant Associated' s commercial clients, primarily by handling customer service issues as they arose and renewing or updating existing policies.

48.    Plaintiff's primary duties involved the servicing of customer accounts and policy renewals.  Approximately 75% of the time, Plaintiff was engaged in routine work in connection with customer service issues and policy renewals for existing clients.  The balance of Plaintiff's

time involved the opening of new accounts, or the sale of insurance products to clients. Plaintiff's duties with respect to sales, however, were minimal, and she spent only a small amount of time engaged in such activity.

49.     Plaintiff was primarily responsible for monitoring insurance renewals and payments; reviewing premium or coverage changes; requesting changes in the insurance coverage as circumstances dictated, for example, by including a new automobile in a commercial policy, by adding new employees to a workers' compensation policy, or by obtaining a new insurance policy for a client in the event of a cancellation; reviewing company issued new and renewal policies, endorsements and audits for accuracy of rating, typing, endorsement forms and coverages; processing applications and reviewing them for accuracy; issuing binders; completing and preparing marketing information and supplemental applications with client as requested/required by carrier; maintaining office records and files in accordance with the procedures and processes set forth in the agency procedure manual; handling telephone requests and written miscellaneous correspondence; and accounting and billing. On a daily basis, Plaintiff responded to requests and inquiries from commercial clients and prospective clients. Most of the work performed by Plaintiff involved clerical or secretarial work, recording or tabulating data and performing mechanical, repetitive and routine insurance brokerage work.

50.     Plaintiff used her knowledge and experience in carrying out her duties for Defendant Associated. She did not, however, exercise discretion or independent judgment in performing those duties. At all times, she followed Company procedures and established protocols for servicing the insurance needs of clients.

51.     Plaintiff had no management role at Associated; she did not supervise any employees; and, she had no hiring or firing authority. Plaintiff did not perform office work directly

11

related to the management or general business operations of Associated or its customers; and, her primary duties did not include the exercise of discretion and independent judgment on matters of significance.  As such, Plaintiff was not an exempt employee under FLSA.

52.    Plaintiff worked more than 40 hours during many, if not all, of the weeks that she worked for Defendants.

53.    Official business hours were from 8:30 a.m. to 4:30 p.m.

54.    Plaintiff began work at 8:30 a.m. but rarely stopped working at 4:30 p.m.  She often worked until approximately 6:00 or 7:00 p.m., and regularly worked through her lunch hour. Defendants were aware of and permitted Plaintiff to work these hours.

55.    As a result of working through her lunch hour and routinely working after 4:30 p.m., Plaintiff often worked between 3 and 4 hours of overtime on a weekly basis, or from 10 to 15 hours of overtime monthly.

56.    Defendants failed to pay Plaintiff overtime compensation for any of the hours she worked over 40 in a workweek.

57.    Plaintiff "recorded" the time she arrived at work and the time she left by swiping a card (similar to a credit card) in an electronic time clock known as "TimeTrax."

58.    Upon information and belief, Defendants maintained accurate and complete electronic time records for Plaintiff yet still failed to properly compensate her for the overtime hours she worked beyond 40 in a workweek and for work she performed during her lunch hour because they had falsely classified her as exempt from the overtime provision of the FLSA and NYSLL.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act, Unpaid Overtime Wages
### On Behalf of Plaintiff and Similarly Situated Current and Former Employees

59.     Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs.

60.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

61.     Defendants failed to pay Plaintiff and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

62.     Defendants have engaged in a pattern and practice of violating the FLSA, as described in this Complaint.

63.     Because Defendants' violations of the FLSA, including improperly classifying Plaintiff as an exempt employee, and failing to pay overtime compensation for hours worked in excess of 40 in a week, were willful, a three-year statute applies to each violation, pursuant to 29 U.S.C. § 255.

64.     Defendants' violations were willful and without good faith or a reasonable basis to believe that the failure to pay overtime wages was lawful.

65.     As a result of Defendants' willful violations of the FLSA, Plaintiff and all others similarly situated have suffered damages by being denied overtime wages in accordance with 29 U.S.C. § 201(b).

66.     As a result of Defendants' unlawful acts, Plaintiff and all other similarly situated current and former employees have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### New York Labor Law, Unpaid Overtime Wages
### On Behalf of Plaintiff and Similarly Situated Current and Former Employees

67.     Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs.

68.     At all relevant times, Plaintiff and other similarly situated current and former employees were employees, and Defendants were employers within the meaning of the NSYLL.

69.     The overtime wage provisions of Article 19 of the NSYLL and the supporting regulations apply to Defendants.

70.     Defendants failed to pay Plaintiff and the Rule 23 Class the overtime wages to which they are entitled under the NSYLL.

71.     By Defendants' failure to pay Plaintiff and the Rule 23 Class Members overtime wages for hours worked in excess of 40 hours per week, they have willfully violated NSYLL, Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

72.     Defendants' conduct, as described herein, constitutes a willful violation of the NSYLL without a good faith or reasonable basis.

73.     Due to Defendants' violations of the NSYLL, Plaintiff and the Rule 23 Class Members are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE,** Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A.     At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as commercial or personal Account Executives and Representatives.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime wages;

B.     Unpaid overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq.*, and the supporting United States Department of Labor regulations;

C.     Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.     Designation of Plaintiff as the representative of the Rule 23 Class, and counsel of record as Class Counsel;

E.     Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA and NYSLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

F.     Unpaid overtime wages pursuant to NYSLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, and liquidated damages;

G.     Pre-judgment interest;

15

H.    An injunction requiring Defendants to pay all statutorily-required wages pursuant

to the NYSLL;

I.    Attorneys' fees and costs; and

J.    Such other relief as the Court deems just and proper.


Dated:    White Plains, New York
          January 24, 2018

                                        SAPIR SCHRAGIN LLP

                                    By:_____
                                        Donald Sapir, Esq.
                                        Howard Schragin, Esq.
                                        Ann L. Moscow, Esq.
                                        399 Knollwood Road, Suite 310
                                        White Plains, New York 10603
                                        (914) 328-0366
                                        (914) 682-9128 (fax)
                                        E-Mail:  dsapir@sapirschragin.com
                                                 hschragin@sapirschragin.com
                                                 amoscow@sapirschragin.com
                                        *Attorneys for Plaintiff and Putative*
                                        *Collective and Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

KAREN P. WELCH, individually and on behalf of all
others similarly situated,

                         Plaintiff,

       – against –

                                           **CONSENT TO SUE**

AVANTI ASSOCIATES LTD., ASSOCIATED
INSURANCE AGENCY OF WESTCHESTER, INC.,
COMPREHENSIVE INSURANCE BROKERAGE,
INC., JOHN D'AMATO and ANN MARIE
PASQUALONE PAPA,

                       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      By my signature below, I hereby authorize the filing and prosecution of the above-styled

action to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"),

FLSA, 29 U.S.C. § 216(b), and other relief under federal law and state law, and agree to act as a

representative of others similarly situated and to make decisions on my behalf and on behalf of

others similarly situated concerning this litigation, the method and manner of conducting this

litigation, and all other matters pertaining to this lawsuit.

Dated: Montrose, New York
       January 23, 2018

                                    KAREN WELCH