## SETTLEMENT AGREEMENT, COVENANT NOT TO SUE AND RELEASE

THIS SETTLEMENT AGREEMENT, COVENANT NOT TO SUE AND RELEASE (this "Agreement") is entered into as of February 14 , 2019 between KAREN WELCH ("Welch" or "Releasor") and AVANTI ASSOCIATES, LTD., ASSOCIATED INSURANCE AGENCY OF WESTCHESTER, INC., COMPREHENSIVE AGENCY OF WESTCHESTER, INC., COMPREHENSIVE INSURANCE BROKERAGE, INC., JOHN D'AMATO AND ANN MARIE PASQUALONE PAPA (collectively, "The Defendants"). For purposes of this Agreement, the term the "The Defendants" shall mean and include Avanti Associates, Ltd., Associated Insurance Agency of Westchester, Inc., Comprehensive Agency of Westchester, Inc., Comprehensive Insurance Brokerage, Inc., John D'Amato and Ann Marie Pasqualone Papa and any and all of their predecessors, successors, assigns, agents, directors, trustees, officers, owners, employees, members and representatives. For purposes of this Agreement, the term "Karen Welch" as appropriate, shall collectively mean and include Karen Welch, all of her executors, administrators, successors, assigns, agents and representatives. Welch and the Defendants are sometimes collectively referred to hereinafter as the "Parties" and individually referred to hereinafter as a "Party."

## RECITALS

**WHEREAS**, Welch filed a Complaint claim against the Defendants, captioned <u>Karen Welch v. Avanti Associates, Ltd., Associated Insurance Agency of Westchester, Inc., Comprehensive Agency of Westchester, Inc., Comprehensive Insurance Brokerage, Inc., John D'Amato and Ann Marie Pasqualone Papa</u>, in United States District Court, Southern District of New York, Docket No.: 7:18-cv-00654-KMK, in which Welch alleges, among other things, that she was not paid overtime in violation of all federal and state wage and hour laws (the "Lawsuit");

470009.1

**WHEREAS**, the Defendants deny all allegations of wrongdoing Welch has made relating to the Lawsuit; and

**WHEREAS**, the Parties agree that there are bona fide disputes between them with respect to the legal entitlement to the amounts claimed by Welch in the Lawsuit and the facts that are the basis for the allegations in the Lawsuit;

**WHEREAS**, the Parties desire to avoid the expense and inconvenience of litigation and have, therefore, have reached an agreement to fully and finally settle all of Welch's claims against the Defendants that were asserted in the Lawsuit against the Defendants; and

**WHEREAS**, the Parties wish to settle this matter instead of proceeding forward with the litigation, including any potential appeals, attorney's fee applications and any and all other claims, charges, complaints, grievances, disputes and/or other potential actions of any kind whatsoever between them in a manner that will obviate the need to continue with any litigation and that will preclude the bringing of any further claim, cause, proceeding or action against the Defendants by providing Welch with such adequate consideration as set forth herein, the receipt and sufficiency of which Welch acknowledges; and

**NOW, THEREFORE**, in consideration of the payment to Welch provided for herein, the mutual promises and covenants contained herein and other good and valuable consideration, the receipt and sufficiency of which the Parties acknowledge, the Parties do hereby agree as follows:

1. The Defendants agrees that they will pay to Welch within twenty-one (21) days after receipt of this Agreement executed by Welch and upon receipt of executed IRS Form W-4 form and IRS Form W-9, the total sum of One Thousand Dollars ($1,000.00) for economic loss, and alleged liquidated and statutory damages (the "Settlement Payment"), as full and final settlement of all of Welch's claims asserted in the Lawsuit, as well as all claims covered under Section 3 of this Agreement. In connection with the Settlement Payment, the Parties understand

and agree that no portion of the Settlement Payment represents punitive damages or a payment in lieu of punitive damages. The Settlement Payment shall be issued as follows:

a) The Defendants will pay or cause to be paid the sum of $500.00 by way of a check payable to Karen Welch, less applicable tax withholdings, which shall be reported on an IRS Form W-2 to Karen Welch representing unpaid wages.

b) The Defendants will pay or cause to be paid the sum of $500.000 by way of check payable to Karen Welch which shall be reported on an IRS Form 1099 to Karen Welch representing liquidated damages.

c) The Settlement Payment checks shall be delivered contemporaneously to attorneys for Welch, ATTN.: Howard Schragin, Esq., SAPIR SCHRAGIN LLP, 399 Knollwood Road, Suite 310, White Plains, New York 10603. All payments shall be delivered within twenty-one (21) days of Plaintiff's execution of this agreement, or within ten (10) business days following Court approval of this agreement, whichever is later.

2. In connection with the Settlement Payment, a Form W-2 and 1099 shall be issued to "Karen Welch" reflecting the payments made pursuant to Section 1, above.

3. For and in consideration of the payments described in Section 1 above, and for other good and valuable consideration, Welch, on behalf of herself, her heirs, administrators, executors and assigns, hereby releases and forever discharges the Defendants and their present and former parents, subsidiaries, divisions, affiliates, agents, insurers, reinsurers, owners, employees, directors, trustees, officers, members, representatives, predecessors, successors, and assigns, and all of their successors and assigns, and their insurance carrier (the "RELEASEES"), from any and all causes of action, suits, claims, charges, or complaints, known or unknown, for any wage and hour claims which Welch has, may have or claim to have against the Defendants relating to

Welch's employment, with Defendants and the termination of that employment which were or could have been asserted in the Lawsuit, including, any claims or rights Welch may have under the New York Labor Law ("NYLL"); NYLL § 198 *et. seq.*; NYLL Article 6, §§ 190 *et seq.*, NYLL Article 19, §§ 650 *et seq.*; and 12 New York Codes, Rules and Regulations ("NYCRR"), §§ 142-2.1 *et seq;* and claims for unpaid wages and retaliation / termination under the Fair Labor Standards Act, 29 U.S.C. §§ 201, 207, and 215 *et seq.*, or any other federal, state, or local statute, regulation or common law claim relating to the claims alleged in the Lawsuit, including claims for attorneys' fees and/or costs and injunctive relief. The foregoing Release covers any claim or theory whatsoever Welch made or could have made in the Lawsuit relating to any claims for retaliation, termination, or unpaid wages on behalf of herself and all who succeed to her respective rights and responsibilities and on behalf of her heirs and assigns arising from Welch's offer of employment, her employment, and the termination of her employment with the Defendants, through the date of execution of this agreement.

4.  Welch covenants and promises that she will not hereafter file or cause to be filed on her behalf any charge, complaint, legal or administrative action of any nature before any court or administrative agency or board to assert any claim against the Defendants and their insurance carriers or their present and former parents, subsidiaries, divisions, affiliates, agents, insurers, reinsurers, owners, employees, directors, trustees, officers, members, representatives, predecessors, successors, and assigns, and all of their successors and assigns arising out of Welch's offer of employment, her employment, and the termination of her employment with the Defendants relating to alleged unpaid wages, retaliation, or termination of her employment, or any other claims arising out of any other matter alleged in the Lawsuit up to the date of this Agreement, with respect to THE RELEASEES, except as may be necessary to enforce this Agreement. Nothing in this

Agreement prevents Welch from participating in or cooperating in any governmental, administrative, or regulatory investigation or proceeding regarding THE RELEASEES, including any charge with the Equal Employment Opportunity Commission or the Occupational Safety and Health Administration, and comparable state agencies, but Welch acknowledges and agrees that she shall not seek, accept or be entitled to any monetary relief with respect to any such charge, investigation or proceeding.

5. It is understood and agreed by the Parties that nothing contained in this Agreement shall constitute or be construed as an admission by THE DEFENDANTS or their present and former parents, subsidiaries, divisions, affiliates, agents, insurers, reinsurers, owners, employees, directors, officers, members, representatives, predecessors, successors, and assigns, and all of their successors and assigns, of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning Welch's claims asserted in the Lawsuit against THE DEFENDANTS, or of any other possible or claimed violation of law or rights. THE DEFENDANTS and their present and former parents, subsidiaries, divisions, affiliates, agents, insurers, reinsurers, owners, employees, directors, trustees, officers, members, representatives, predecessors, successors, and assigns, and all of their successors and assigns, specifically deny any wrongful action or conduct.

6. Welch represents that she has not assigned to any third party any claim she has, may have or believes she may have against THE DEFENDANTS, its present and former parents, subsidiaries, divisions, affiliates, agents, owners, employees, directors, trustees, officers, members, representatives, predecessors, successors, and assigns, and all of their successors and assigns.

7. The Parties agree that the remedy for any violation of this Agreement shall be an action to enforce this Agreement (whether to compel performance or for damages arising from a breach of the terms of this Agreement). In the event that any such action to enforce any term of this Agreement is commenced by either Party, the prevailing Party in such action shall be entitled to reimbursement by the losing Party of all reasonable attorneys' fees and other costs, as well as the recovery of reasonable fees and costs incurred to make any fee application related thereto. In the event that either or both Parties should move to enforce this Agreement, the Parties agree that, during any litigation to enforce this Agreement, the promises and covenants set forth in Paragraphs 1-6 shall continue in full force and effect and shall be enforced. Notwithstanding the provisions above, the Parties agree that a remedy at law for any breach of any of the provisions in Paragraphs 1-6 shall be inadequate and thus, either Party shall be entitled to seek injunctive relief without the posting of a bond or any other security to enjoin or restrain the other Party from any violation or threatened violation of Paragraphs 1-6 in addition to any other remedy available.

8. The Parties acknowledge that they have carefully read and fully understand all of the terms of this Agreement, including the release contained herein, that the Parties have had a reasonable amount of time to consider the terms of this Agreement, and that they enter into this Agreement voluntarily. Except for the statements, representations, warranties and promises contained in this Agreement, none of the Parties or any of their agents, employees, representatives or attorneys have made any statements, representations or promises regarding the facts relied upon by any of them in entering into this Agreement.

9. Welch also acknowledges that she was advised in writing to consult with an attorney before signing this Agreement, that she has, in fact, had a reasonable period of time, not to exceed 21 days, to consult with her attorneys before signing this Agreement and has in fact

consulted with his attorney, Howard Schragin, Esq., and that this Agreement is a negotiated agreement between the parties.

10. The Parties agree that if any court declares any portion of this Agreement unenforceable, the remaining portions shall be fully enforceable.

11. Except as otherwise provided herein, the Parties waive any right each may have to recover counsel fees and costs incurred in connection with this Agreement and the Lawsuit.

12. **Dismissal of Lawsuit.** The Parties agree that the Lawsuit will be dismissed in its entirety with prejudice as it relates to the Lawsuit upon Court approval of this Agreement. Dismissal shall be by Stipulation of Dismissal, with prejudice, in the form attached as Exhibit A. The Parties agree the Stipulation of Dismissal will be fully executed contemporaneously with the execution of this Agreement and that they will cooperate in the filing of the Stipulation of Dismissal with prejudice as necessary to effectuate the provisions of this section in accordance with the conditions of *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

13. Welch acknowledges that by executing this Agreement she is confirming that she is not a Medicare recipient.

14. This Agreement shall be interpreted, construed and enforced in accordance with the laws of the State of New York.

15. The Parties represent that they are fully authorized to execute this Agreement and that all formalities attendant to the execution of this Agreement have been satisfied.

16. The Parties may execute this Agreement in separate counterparts, all of which taken together shall constitute the Agreement. This Agreement may be executed and delivered with original signatures or by facsimile or PDF-scanned signatures, any of which shall be deemed legally binding as fully as an original signature

17.    Welch acknowledges by affixing her initials to each item listed below that she has

read and understood each item as set forth:

 This Agreement is entered into voluntarily and knowingly and I have the unrestricted legal right and power to enter into this Agreement and perform my obligations hereunder;

 I fully understand the terms and conditions of the Settlement;

I fully understand that I am giving up my right to Arbitration and/or a trial by a jury regarding the claims in the Lawsuit;

 The execution of this Agreement is not an admission that any wrongful act or conduct has occurred on the part of the Defendants;

 I have received independent legal advice from my attorney regarding the making, execution, delivery and performance and binding effect of this Agreement.

**PLAINTIFF CONFIRMS AND ACKNOWLEDGES THAT SHE FULLY UNDERSTAND THIS AGREEMENT'S TERMS AND CONDITIONS.**

KAREN WELCH

~~KAREN WELCH~~

Dated: 2/22/19

**AVANTI ASSOCIATES, LTD., ASSOCIATED INSURANCE AGENCY OF WESTCHESTER, INC., COMPREHENSIVE AGENCY OF WESTCHESTER, INC., COMPREHENSIVE INSURANCE BROKERAGE, INC., JOHN D'AMATO AND ANN MARIE PASQUALONE PAPA**

By: _____
Name: JOHN D'AMATO ON BEHALF OF HIMSELF AND AVANTI ASSOCIATES, LTD., ASSOCIATED INSURANCE AGENCY OF WESTCHESTER, INC.,

470009.1

8

SO ORDERED

KENNETH M. KARAS U.S.D.J.

3/14/19

**Scanned with CamScanner**